UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY MCCULLOUGH III,

    Plaintiff,

v.                                                 Case No.:  2:25-cv-533-SPC-NPM

AUSTIN ISETTS, in his official
capacity and individually,

VERNON SPEAK, in his official
capacity and individually,

CARMINE MARCENO, in his
official capacity as Sheriff of Lee
County, Florida,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Deputy Vernon Speak's Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial.  (Doc. 16).  Plaintiff Gary McCullough III did not respond and based on the representations of Defendants does not oppose the relief sought.  (Doc. 19).  Therefore, the Court grants the motion.

This action concerns the arrest of Plaintiff Gary McCullough III on or about October 24, 2024.  (Doc. 1).  Defendant Speak's Motion to Dismiss is directed to Counts III and IV of the Complaint against him.  (*Id.* at pp. 10–14).

Plaintiff brings claims under 42 U.S.C. § 1983 for excessive use of force and false arrest against Speak, among others. (*Id.*). Plaintiff sues Speak in both his individual and official capacities. Given that Plaintiff brings § 1983 claims against a government employee, they are effectively claims against the governmental agency for which that employee works. *See, e.g., Pestana v. Miami-Dade County Bd. of Commissioners*, 282 F. Supp. 3d 1284, 1288 (S.D. Fla. 2017) ("When an official is sued under Section 1983 in his official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent.") (cleaned up) (quotations and citations omitted); *see also Owens v. Fulton Cnty.*, 877 F.2d 947, 951, n.5 (11th Cir. 1989).

The proper party for a lawsuit against a sheriff's office in Florida is the county sheriff in his/her legal capacity. *See Thomas v. Hillsborough Cnty. Sheriff's Off.*, No. 20-CV2756-CEH-AAS, 2021 WL 3930511, at *2 (M.D. Fla. Sept. 2, 2021) (citing *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013)). Plaintiff sues Carmine Marceno in his official capacity as Sheriff of Lee County, Florida in this action. Therefore, the official capacity claim against Defendant Speak is redundant to the official claim against Defendant Marceno.

The Court ordered Plaintiff to show cause why the Motion to Dismiss should not be treated as unopposed given that Plaintiff did not timely respond. (Doc. 18). Counsel for Defendants Marceno and Speak filed a Supplement to

the Motion to Dismiss indicating that they had conferred with Plaintiff's counsel "on August 25, 2025, concerning the relief sought in the Motion [to Dismiss]." (Doc. 19 at 2). Defendants' counsel further indicated that "Counsel for Plaintiff advised that he does not oppose the Motion regarding the official-capacity claims against Defendant Speak and that he will be filing a Motion to Amend the Complaint." (*Id.*). Given that Plaintiff does not oppose the relief sought by Defendant Speak, the Court grants the motion.

Accordingly, it is now

**ORDERED:**

1. Defendant Vernon Speak's Motion to dismiss (Doc. 16) is **GRANTED**.

2. Plaintiff's official capacity claims against Defendant Vernon Speak are **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida on September 10, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record