UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY MCCULLOUGH, III,

     Plaintiff,

v.                                 Case No.:  2:25-cv-533-SPC-NPM

AUSTIN ISETTS, individually,
VERNON SPEAK, individually,
and CARMINE MARCENO, in his
official capacity as Sheriff of Lee
County, Florida,

     Defendants.

_____

## **OPINION AND ORDER**

Before the Court is Defendant Austin Isetts' Motion to Dismiss or Motion to Quash for Insufficient Service of Process.  (Doc. 39).  Plaintiff Gary McCullough, III, responded to the motion.[1]  (Doc. 42).  For the reasons below, the Court grants the motion.

## **Background**

This is a civil rights action alleging violations of the Fourth Amendment. Plaintiff filed his complaint on June 20, 2025.  On June 26, 2025, the Court issued summons for Defendants Austin Isetts, Vernon Speak, and Carmine

---

[1] Plaintiff also filed an "Affidavit of Compliance," which makes factual assertions to support his service arguments.  (Doc. 41).

Marceno, in his official capacity as Sheriff of Lee County, Florida.[2] (Doc. 8). On October 2, 2025, the Court held a Federal Rule of Civil Procedure 16(b) conference, where it granted a thirty (30) day extension for Plaintiff to serve Isetts. (Doc. 32). On October 13, 2025, Plaintiff filed a proposed alias summons for Isetts to be served via substituted service through the Florida Secretary of State, which the Court issued. (Docs. 33, 34). On October 24, 2025, Plaintiff filed an Affidavit of Investigative Due Diligence ("Affidavit") to support substituted service. (Doc. 36). On November 15, 2025, Plaintiff filed an executed return of service from the Secretary of State's office for Isetts. (Doc. 40). Isetts moves to dismiss or in the alternative to quash for insufficient service of process.

## Legal Standard

A motion to dismiss under Rule 12(b)(5) challenges the sufficiency of service of process. "[A] party challenging sufficiency of service of process must specify the particular way or ways in which the serving party failed to satisfy the service-of-process rules." *Fly Brazil Grp., Inc. v. The Gov't of Gabon, Afr.*, 709 F. Supp. 2d 1274, 1278 (S.D. Fla. 2010). When a party provides a specific ground for dismissal, "the plaintiff bears the burden of proving adequate service of process." *Id.* at 1279 (citation omitted).

---

[2] Defendants Isetts and Speak allegedly acted as deputies of the Lee County Sheriff's Office ("LCSO") during the events described in the amended complaint. (Doc. 26 ¶¶ 6,7).

Rule 4(e) governs the methods for effecting service of process on an individual. Under Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In Florida, a defendant ordinarily must be personally served, but substituted service may be allowed under various statutory exemptions. *See Societe Hellin, S.A. v. Valley Com. Cap., LLC*, 254 So. 3d 1018, 1020 (Fla. Dist. Ct. App. 2018). Relevant here, Florida Statute § 48.161 permits substituted service when an individual purposefully evades service:

> When an individual or a business entity **conceals its whereabouts**, the party seeking to effectuate service may, after exercising due diligence to locate and effectuate personal service, use substituted service . . . in connection with any action in which the court has jurisdiction over such individual or business entity.[3]

Fla. Stat. § 48.161(4) (emphasis added).

"The courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be

---

[3] To effectuate proper substituted service of process on a defendant under Section 48.161, a plaintiff must: (1) serve the Secretary of State by providing them with a copy of the summons and complaint; (2) pay the requisite fee to the Secretary of State; (3) provide notice of service upon the Secretary of State to the defendant by sending them a copy of the summons and the complaint by registered or certified mail; and (4) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effectuate personal service on the party before using substituted service. *See Fundamental Nutrition LLC v. Emerge Nutraceuticals Inc.*, No. 5:23-CV-64-JA-PRL, 2023 WL 6975984, at *2 (M.D. Fla. Oct. 23, 2023).

strictly construed; and the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." *Hughes v. Am. Tripoli, Inc.*, No. 2:04-cv-485-FtM-29DNF, 2007 WL 2071529, at *1–2 (M.D. Fla. July 17, 2007) (citations omitted).

## Analysis

There is no dispute Plaintiff failed to personally serve Isetts. So the sole question is whether Plaintiff's substituted service is proper. Isetts argues it is not for two reasons. First, Isetts contends Plaintiff failed to comply with Section 48.161 and amend his complaint to allege facts that provide a basis for substituted service. Second, Isetts argues Plaintiff failed to demonstrate concealment under Section 48.161. The Court addresses these issues in turn.

Isetts first argues that, to invoke substituted service under Section 48.161, Plaintiff needed to "allege in his complaint the ultimate facts bringing the defendant within the purview of [Section 48.161]." *United States v. Brenes*, Case No. 4:20-cv-10007-KMM, 2020 WL 8994925, at *1 (S.D. Fla. July 23, 2020) (quoting *Wiggam v. Bamford,* 562 So. 2d 389, 390 (Fla. Dist. Ct. App. 1990)). Plaintiff failed to do so. The problem is that Isetts relies on decisions interpreting an older and inapplicable version of Section 48.161. The current version, which became effective January 2, 2023, provides that "[t]he party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance." Fla. Stat. §

4

48.161(3)(b) (2023); *see also United States Sur. Co. v. Jonathan Belloit, et al.,* No. 3:24-CV-235-JEP-MCR, 2025 WL 4095835, at *1 n.1 (M.D. Fla. Dec. 1, 2025) (noting the 2023 version of Section 48.161 "does not require" the facts in the affidavit of compliance to also be alleged in the plaintiff's complaint). Because the 2023 version of Section 48.161 governs, Isetts' argument fails.[4]

The Court turns to Isetts' argument that Plaintiff failed to demonstrate concealment, which is a prerequisite for substituted service under Section 48.161.  Plaintiff points to his Affidavit, which he believes establishes he acted diligently in attempting personal service and shows substituted service under Section 48.161 is proper.

Plaintiff's Affidavit outlines his attempts to serve Isetts.  Process servers unsuccessfully attempted service twelve times at four addresses between July 10, 2025, and October 17, 2025.[5]  Both a privately retained process server, Sherman & Associates LLC ("Sherman"), as well as the LCSO, made these attempts.[6]  A LCSO process server observed children inside the residence

---

[4] "Florida law provides that the applicable version of a statute is that which was in effect when a cause of action accrues." *S-Fer Int'l, Inc. v. Stonesheets, LLC*, No. 14-24662-CIV, 2016 WL 8808748, at *4 (S.D. Fla. Jan. 19, 2016).  The events giving rise to this action occurred in October 2024 (Doc. 26 ¶ 9), so the 2023 version of Section 48.161 applies.

[5] The first service attempt occurred at 14750 Six Mile Cypress Parkway, Fort Myers, FL 33912.  The second service attempt occurred at 2075 Victoria Ave., Fort Myers, FL 33901. The next nine service attempts occurred at an address Plaintiff believes to be Isetts' personal residence.  The final service attempt occurred at an address Plaintiff believes to be Isetts' father's residence, which Isetts allegedly listed as a mailing address at some point.

[6] The Affidavit states that the LCSO made five attempts to serve Isetts at his home residence between July 21, 2025, and July 28, 2025.  On August 5, 2025, the LCSO advised Sherman that Isetts "was no longer under the protocol for service" by their office because "[h]e had

where they attempted service, but no one answered the door. (Doc. 36 at 2). A Sherman process server observed vehicles registered to Isetts' wife and father in the driveway of the residence where he attempted service; no one answered the door. (*Id.* at 3). A few days later, the same Sherman process server encountered a "hostile" white male who claimed Isetts did not live at the location, refused to identify himself, and ordered the process server to leave the property.[7] (*Id.*). From a "Skip Trace" investigation conducted on October 15, 2025, Plaintiff determined Isetts resided at the third address where nine of the service attempts occurred.[8] On October 17, 2025, the final service attempt occurred at an address Plaintiff believed to be Isetts' father's address. An "older man answered the door, stated 'Austin does not live here,'" and told the process server to leave. (*Id.* at 4). Based on these facts, Plaintiff contends that Isetts concealed himself from service and substituted service is proper.

Plaintiff's Affidavit does not demonstrate that Isetts evaded service. It is well-established that "absence alone does not" show concealment under Section 48.161. *MSR Media Skn Ltd. v. Khan*, No. 8:24-CV-1248-KKM-AAS, 2024 WL 4728372, at *3 (M.D. Fla. Oct. 25, 2024) (citation omitted); *see also*

---

been terminated." (Doc. 36 at 2). The LCSO unsuccessfully attempted to serve Isetts once more on August 25, 2025, after the Sherman process server requested them to do so.

[7] It is unclear from the Affidavit whether the person the process server encountered came out of the house or approached from an adjacent house.

[8] A skip trace investigation entails the aggregation of publicly available records to ascertain an individual's whereabouts. (Doc. 36 at 3).

6

*United States v. Faro*, No. 2:20-CV-769-JLB-NPM, 2022 WL 111229, at \*2 (M.D. Fla. Jan. 12, 2022) (finding failure to demonstrate concealment when "no one appeared to be 'coming or going' from [defendant's] residence"). All that Plaintiff establishes is that he made several attempts to serve Isetts at various locations and at different times of day. None of the process servers observed Isetts at any point. Nor are there facts showing Isetts took any steps to evade detection.[9] And no individuals confirmed that Isetts resides at any of the locations where Plaintiff attempted service. Plaintiff does not even state that the individuals the process servers encountered knew Isetts. In sum, Plaintiff does not "establish that [Isetts] knew of the efforts to serve him and hid accordingly." *MSR Media Skn Ltd.*, 2024 WL 4728372, at \*3. So Plaintiff fails to show substituted service under Section 48.161 is warranted.

Because substitute service on Isetts is improper on the facts presented, the Court quashes it. That said, pursuant to Rule 4(m), the Court will give Plaintiff thirty additional days to serve Isetts. *See, e.g.*, *Nelson v. Barden*, 145 F. App'x 303, 309 (11th Cir. 2005) (noting that "even in the absence of 'good cause,' district courts have the discretion [under Rule 4(m)] to extend the time

---

[9] The principal case Plaintiff relies on, *Fundamental Nutrition LLC*, is distinguishable. *Fundamental Nutrition LLC* found that defendant possessed knowledge of the litigation and took steps to conceal himself based a number of facts, including that he fled in a vehicle when a process server attempted to serve his co-defendant/co-habitant, and the process server received false information regarding defendant's location. *See* 2023 WL 6975984, at \*4. That set of facts is not before the Court, so this case is of little utility.

for service of process") (citing *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132–33 (11th Cir. 2005)).

Accordingly, it is now

**ORDERED:**

1. Defendant Austin Isetts' Motion to Dismiss or in the Alternative Motion to Quash for Insufficient Service of Process (Doc. 39) is **GRANTED**.

2. The Court **QUASHES** Plaintiff's substituted service on Defendant Isetts.

3. Plaintiff must file proof of service for Defendant Isetts by **March 30, 2026**. **Failure to comply with this order may result in dismissal of Defendant Austin Isetts from this suit without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

8